UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **4U PROMOTIONS, INC.** | : | **CASE NO. 2:22-cv-03033** |
| **Plaintiff** | : | **JUDGE T.B.D.** |
| v. | : | **MAGISTRATE JUDGE T.B.D.** |
| **18001 HOLDINGS, LLC** | : | **JURY TRIAL DEMANDED** |
| **18001 Collins Avenue** | : | |
| **31st Floor** | : | |
| **Sunny Isles Beach FL 33160** | : | |
| **Defendant** | : | |

## COMPLAINT

Plaintiff 4U Promotions, Inc. (hereafter "Plaintiff" or "4UP"), by and through its undersigned counsel, for its Complaint against Defendants alleges as follows:

### JURISDICTION AND VENUE

1. This is a suit for fraud, violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 et seq., breach of contract, and promissory estoppel (pleaded in the alternative to breach of contract).

2. The amount in controversy exceeds $75,000.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(1) because 4UP's cause of action arose and 4UP is being injured in this

judicial district, and because Defendants reside in this forum, do business in this forum and target customers in this forum.

5. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## THE PARTIES

6. Plaintiff 4U Promotions, Inc. is a Tennessee Corporation licensed to business in the State of Ohio as a foreign corporation.

7. 4UP is in the business of producing multi-day musical entertainment events.

8. Defendant 18001 Holdings, LLC is a Florida Limited Liability Company based in Sunny Isles Beach, Florida that operates under the d/b/a "Trump International Beach Resort" (hereafter "Defendant" or "Trump Resort").

9. Defendant's registered agent is David H. Reimer, having an address of 18001 Collins Avenue, 31st Floor, Sunny Isles Beach, FL 33160.

10. Defendant is in the business of offering lodging and venue space for entertainment and other events.

## THE 2022 DECADES OF ROCK & ROLL CRUISE REUNION

11. 4UP has been in business since 2006. Since 2011, 4UP has promoted and produced numerous multi-day entertainment events, including an annual cruise featuring rock and roll classics.

12. Due to the worldwide COVID-19 pandemic, travel restrictions forced 4UP to cancel its 2021 and 2022 annual cruises.

13. As travel restrictions began to relax, 4UP began organizing a multi-day entertainment event to be held in the Miami (hereafter the "Event").

14. The Event was entitled "Decades of Rock & Roll Cruise Reunion".

15. The Event was scheduled for October 6-10, 2022.

16. In February, 2022, 4UP contacted Trump Resort to secure hotel rooms and performance space for the Event.

17. On or about February 18, Penny Greene, the sales and marketing director of 4UP, began working with Maria Daniel Espina, director of sales for the Trump Resort to reserve the rooms and performance space necessary for the Event.

18. On or about February 24, 2022 at 7:04 pm, Ms. Espina sent an email to Ms. Greene requesting information needed to determine whether the Trump Resort could meet the requirements of the Event. The February 24, 2022 email is attached hereto as **Exhibit A**.

19. On or about February 25, 2022 at 1:45 pm, Ms. Greene sent an email containing the requested information regarding the requirements for the Event to Ms. Espina. The February 25, 2022 email is attached hereto as **Exhibit B**.

20. On or about March 18, 2022 at 2:32 pm, Ms. Espina sent an email to Ms. Greene containing a complete set of terms under which the Trump Resort would provide rooms and performance space for the Event. The March 18, 2022 email is attached hereto as **Exhibit C**.

21. On or before March 31, 2022, 4UP and the Trump Resort had agreed on the terms of a contract for the rooms and performance space for the Event.

22. In reliance on the agreed upon terms between 4UP and the Trump Resort, Ms. Greene continued to market the Event, and Ms. Greene ceased any further efforts to find hotel performance space apart from the space agreed to by the Trump Resort.

23. On or about March 31, 2022 at 1:59 pm, Ms. Espina emailed Ms. Greene to report that she would prepare and send a written agreement memorializing the agreed upon contract terms. The March 31, 2022 email is attached hereto as **Exhibit D**.

24. In the March 31, 2022 email, Ms. Espina requested that Ms. Greene "[p]lease bear with me while I prepare the agreement."

25. On or about April 1, 2022, in reliance on the agreed upon terms between 4UP and the Trump Resort, 4UP began to promote the Event, naming the Trump Resort as the hotel and venue for the Event. An April 1, 2022 Facebook post advertising the Event is attached hereto as **Exhibit E**.

26. On April 1, 2022, in reliance on the agreed upon terms between 4UP and the Trump Resort, 4UP began taking deposits for the rooms for the Event at the Trump Resort.

27. By April 13, 2022, Ms. Greene had not received any written agreement regarding the hotel and performance space.

28. On or about April 13, 2022 at 6:14 pm, Ms. Greene emailed Ms. Espina to follow up on the written agreement. In her April 13, 2022 email, Ms. Greene reported that she was continuing to sign up attendees for the Event. The April 13, 2022 email is attached hereto as **Exhibit F**.

29. In her April 13, 2022 email, Ms. Greene further reported that she would be travelling, and she requested that Ms. Espina email the agreement to her rather than send a physical copy.

30. On or about April 19, 2022 at 3:40 pm, Ms. Espina sent an email in response to Ms. Greene thanking her for her patience, and reporting that she would prepare and send the agreement to Ms. Greene within the next few days. The email dated April 19, 2022 at 3:40 pm is attached hereto as **Exhibit G**.

31. On or about April 19, 2022 at 4:46 pm, Ms. Greene sent an email to Ms. Espina again indicating a preference for email delivery since she was travelling. The email dated April 19, 2022 at 4:46 pm is attached hereto as **Exhibit H**.

32. On or about April 19, 2022 at 4:50 pm, Ms. Espina sent an email acknowledging Ms. Greene's delivery preference, writing "Yes of course!" The email dated April 19, 2022 at 4:50 pm is attached hereto as **Exhibit I**.

33. The parties did not communicate between April 19, 2022 and July 25, 2022.

34. On or about July 25, 2022 at 1:52 pm, Ms. Greene sent an email Ms. Espina to report that Ms. Greene had not received the agreement by either physical mail or by email.

35. On or about July 25, 2022 at 4:00 pm, Ms. Espina sent an email to Ms. Greene indicating that Ms. Espina "thought you [Ms. Greene] had found another venue" and that the Trump Resort would not be honoring the "dates of October 6-10, 2022."

36. Neither 4UP nor Ms. Greene had ever suggested to either the Trump Resort or Ms. Espina that 4UP had found another venue for the Event.

## COUNT ONE
## BREACH OF CONTRACT

37. 4UP incorporates by reference each and every allegation of paragraphs 1 through 36 as if fully rewritten herein.

38. A valid and enforceable contract existed between 4UP and the Trump Resort.

39. The terms of the contract were offered by the Trump Resort and accepted by 4UP.

40. 4UP began advertising and taking deposits for the rooms at the Trump Resort as consideration of the contract.

41. The Trump Resort failed to perform multiple aspects of the contract when it refused to provide the agreed upon rooms and performance space for the Event.

42. The Trump Resort's failure to perform under the contract was intentional.

43. 4UP fully performed under the contract prior to the breach by the Trump Resort.

44. 4UP has considerable damages due to the breach by the Trump Resort.

45. 4UP is entitled to compensatory and other damages.

## COUNT TWO
## VIOLATION OF THE OHIO DECEPTIVE
## PRACTICE ACT UNDER O.R.C. § 4165 ET SEQ.

46. 4UP incorporates by reference each and every allegation of paragraphs 1 through 36 as if fully rewritten herein.

47. The Trump Resort rents hotel rooms and venue space in the course of their businesses under O.C.R. § 4165.02(A).

48. The Trump Resort advertised hotel rooms and venue space to 4UP.

49. Upon information and belief, the Trump Resort did not intend to rent the hotel rooms and venue space to 4UP as advertised.

50. The Trump Resort engaged in a deceptive trade practice under O.C.R. § 4165.02(A)(11).

51. 4UP has sustained and is entitled to actual damages resulting from the deceptive trade practice of the Trump Resort under O.C.R. § 4165.03(A)(11).

52. Upon in formation and belief, the Trump Resort knew that the advertising of hotel rooms and performance space was deceptive.

53. 4UP is entitled to reasonable attorney's fees under O.C.R. § 4165.03(B).

### COUNT THREE
### COMMON LAW FRAUD

54. 4UP incorporates by reference each and every allegation of paragraphs 1-36 and 46-53 as if fully rewritten herein.

55. The Trump Resort made an assertion to 4UP, namely that it would rent hotel rooms and performance space to 4UP for the Event.

56. The representation was material to the transaction at hand.

57. The Trump Resort made the representation knowing it was false or with such utter disregard and recklessness for the truth or falsity that one may infer that the representation was knowingly false.

58. The Trump Resort intended to mislead 4UP into relying on the representation.

59. The representation of the Trump Resort did not appear unreasonable on its face.

60. 4UP had no reason to disbelieve the representation of the Trump Resort.

61. 4UP justifiably relied on the representation made by the Trump Resort.

62. 4UP's reliance on the Trump Resort's representation proximately caused 4UP's injury.

63. 4UP is entitled to damages caused by 4UP's reliance on the false representation of the Trump Resort.

## COUNT FOUR
## PROMISSORY ESTOPPEL

64. 4UP incorporates by reference each and every allegation of paragraphs 1-36 and 46-63 as if fully rewritten herein.

65. The Trump Resort made a clear and unambiguous promise to 4UP.

66. 4UP relied on the promise of the Trump Resort.

67. 4UP's reliance on the promise of the Trump Resort was both reasonable and foreseeable.

68. 4UP sustained and is entitled to damages sustained as a result of its reliance on the promise of the Trump Resort.

Wherefore, Defendant 4U Promotions, Inc. prays for an Order of the Court:

A. Finding Defendant liable for breach of contract or, in the alternative, promissory estoppel;

B. Finding Defendant liable for fraud;

C. Finding Defendants liable under O.C.R. § 4165;

D.       Awarding a monetary judgment of Plaintiff actual damages regarding Plaintiff's breach of contract claim or, in the alternative, Plaintiff's promissory estoppel claim;

E.       Awarding a monetary judgment of Plaintiff's actual damages or statutory damages to be paid by Defendants as a result of Defendant's fraudulent acts, together with interest and costs, which acts were committed in knowing disregard of 4UP's rights;

F.       Awarding Plaintiff a monetary judgment of Plaintiff's actual economic damages as set forth in O.C.R. § 4165.03(A)(2) against Defendant for Defendant's violation of O.C.R. § 4165.02(A)(7);

G.       Awarding Plaintiff its reasonable attorney's fees incurred herein as set forth in O.C.R. § 4165(B) in view of Defendants' knowingly deceptive trade practice;

H.       Awarding Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

<u>JURY DEMAND</u>

A trial by Jury is demanded in the within matter.

Dated: August 5, 2022             Respectfully submitted,

                                                       <u>/s/ Robert R. Lech, Esq.</u>
Robert R. Lech, Esq. (0073078)
Lech Law, LLC
PO Box 3473
Dublin, OH 43016
Tel. (614) 530-1284
E/M: rrlech@lechlaw.com

Attorney for Plaintiff 4U Promotions, Inc.